UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIGUEL ROMERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00172 |
| | § | |
| PAUL STEWART, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Miguel Romero, U.S. Marshal No. 14977-579, is a federal detainee appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned respectfully recommends that Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff Miguel Romero, U.S. Marshal No. 14977-579, a federal detainee, filed this 1983 civil rights action on August 12, 2021, alleging that the federal agents investigating his then pending federal criminal case, *United States v. Miguel Romero*, No. 2:20-cr-00335 (S.D. Tex. filed Feb. 12, 2020), violated his rights by unlawfully arresting him, conspiring to denying him bond, and conspiring to present falsified evidence in his criminal prosecution. (D.E. 1). On August 20, 2021, the undersigned stayed the instant civil action until the conclusion of the related criminal case. (D.E. 7).

On February 28, 2022, in *United States v. Miguel Romero*, No. 2:20-cr-00335 (S.D. Tex. filed Feb. 12, 2020), Mr. Romero pleaded guilty to possessing with intent to distribute methamphetamine as alleged in Count Two of the superseding indictment. (No. 2:20-cr-00335, D.E. 109). On June 14, 2022, United States District Judge Drew Tipton sentenced Mr. Romero to 64 months custody, three years supervised release, and a $100.00 special assessment. (No. 2:20-cr-00335, D.E. 109). On July 5, 2022, the undersigned lifted the stay of the instant civil rights action because Mr. Romero has been convicted and sentenced. (D.E. 8).

### III.   LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

In contrast to § 1983 actions brought against state actors, civil rights actions brought against federal actors generally arise under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "A *Bivens* action is the counterpart to a § 1983 civil rights action and extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors." *Grainger v. Fed. Bureau of Prisons*, No. C-08-387, 2009 WL 47127, at *2 (S.D. Tex. Jan. 6, 2009) (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980)).

An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV. DISCUSSION

Plaintiff claims that U.S. Drug Enforcement Administration Agents Paul Stewart and Mark Flores violated his rights in connection with the investigation and prosecution of his federal criminal case in *United States v. Miguel Romero*, No. 2:20-cr-00335 (S.D. Tex. filed Feb. 12, 2020). His claims lack specificity, but he alleges the defendants conspired with the prosecutor to deny him bond, falsified evidence, and falsely arrested him. Regardless how Plaintiff attempts to characterize his claims, they effectively seek to challenge the validity of his federal criminal conviction. As such, Plaintiff's claims are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

> In *Heck*, the Supreme Court held:
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton Coty., Tex.*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x

624, 625 (5th Cir. 2009). The *Heck* rule also applies to *Bivens* actions where prisoners seek to attack the validity of their federal conviction. *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).

A ruling here in Plaintiff's favor on his claims "would necessarily imply the invalidity of his" underlying federal criminal conviction.. *Heck*, 512 U.S. at 487. Since no court has reversed or otherwise invalidated Plaintiff's conviction, his claims are barred by *Heck*. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants be dismissed as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[2]

## V. CONCLUSION.

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's civil rights action be **DISMISSED with prejudice** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.

It is further respectfully recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of the Court be instructed to forward a copy of this Memorandum and Recommendation to the "Manager of the Three Strikes List for the Southern District of Texas" at Three_Strikes@txs.uscourts.gov."

---

[2] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Respectfully submitted on July 5, 2022.

                                                                     Jason B. Libby
                                                     United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).